**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIEL WARNER,

     Plaintiff,

v.                                    No. 2:26-cv-1278-GJF-KRS

BOSQUE ENERGY, INC.; and
PERMIAN RESOURCES OPERATING, LLC,

     Defendants.

**ORDER TO AMEND NOTICE OF REMOVAL**

The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). For the reasons discussed below, Defendant Permian Resources Operating, LLC is ordered to file an amended notice of removal that plausibly alleges diversity jurisdiction.

**Standard**

If removal of a civil action is based on diversity jurisdiction, "the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii); *see Buscema v. Wal-Mart Stores E. LP,* 485 F. Supp. 3d 1319, 1328 (D.N.M. 2020) ("When a complaint does not state a specific amount in controversy, a defendant's notice of removal may do so."). A removing defendant's jurisdictional allegations in the notice of removal, however, must satisfy the plausibility pleading standard. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81 (2014). Thus, a conclusory allegation that the amount in controversy exceeds $75,000, without setting forth the underlying facts supporting that allegation, is insufficient, as it does not satisfy the requirement of plausibility. *See, e.g., Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

If the state court complaint does not contain sufficient facts for the removing defendant to plausibly allege that more than $75,000 is in controversy, then the removing defendant may refer in the notice of removal to additional facts outside the complaint to fill in the gap. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (in the absence of either an explicit demand in the complaint for more than $75,000.00, or specific factual allegations from which an actual calculation can be performed, the removing defendant must show how much is in controversy *through other means*, such as "interrogatories or admissions in state court; … informal estimates or settlement demands[;] or …. evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands" (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006))); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (explaining that in some cases, the removing defendant may need "to provide additional evidence demonstrating that removal is proper"). If the information outside the complaint needed by the defendant to plausibly allege the jurisdictional minimum is not already in the defendant's possession, then the thirty-day clock for removal will not begin to run until the defendant receives that additional information "through service or otherwise, of a copy of an amended pleading, motion, order or other paper" containing the necessary information. 28 U.S.C. § 1446(b)(3).

Once the removing defendant has plausibly alleged that the amount in controversy exceeds $75,000, evidence "establishing jurisdiction [is not] required," unless "the plaintiff contests, or the court questions, the defendant's [plausible] allegation[s]." *Brown v. Nationwide Ins. Co.,* No. 21-4122, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023) (citing *Dart Cherokee*, 574 U.S. at 89, and *McPhail*, 529 F.3d at 955)). If a challenge is made, "the 'party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.'" *Id*. (quoting

*Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014)); *see* 28 U.S.C.A. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)").

Here, the Notice of Removal's allegations concerning the amount in controversy rely solely on the facts alleged in the underlying state court complaint. The underlying complaint includes the conclusory allegation that the plaintiff was seriously injured, but does not contain sufficient facts about the nature of the plaintiff's injuries or medical expenses for the Court to conclude without speculating that the jurisdictional amount has been plausibly alleged. *See Leyva v. Macia*, No. 2:26-cv-266 GJF-KRS, Doc. 6 (D.N.M. Feb. 6, 2026); *Landeros v. Singh*, No. 2:25-CV-352-GJF-KRS, 2025 WL 1795159, at *2 (D.N.M. June 30, 2025); *Medina on behalf of Medina v. Wal-Mart Stores E., Inc.*, No. CV 24-767 GBW/KRS, 2024 WL 5087557, at *2 (D.N.M. Dec. 12, 2024). Nor is the plea in the underlying complaint for "various types of damages for an unspecified amount of money" sufficient for the Court to estimate, without resorting to speculation, what the plaintiff's claimed damages amount to and whether those damages exceed the jurisdictional minimum. *See, e.g., Hernandez v. Safeco Ins. Co. of Am.*, No. CV 11-245 JP/CG, 2011 WL 13284598, at *3 (D.N.M. Sept. 8, 2011); *see also Warren v. Wild 1, Inc.,* No. CV 24-00471-KD-B, 2025 WL 980081, at *11 (S.D. Ala. Mar. 13, 2025); *Romero-Palacios v. Warren Elec., LLC,* No. PE:21-CV-00042-DC-DF, 2022 WL 508342, at *5 (W.D. Tex. Feb. 18, 2022), *report and recommendation adopted*, No. P:21-CV-00042-DC, 2022 WL 1546717 (W.D. Tex. Mar. 8, 2022).

**Accordingly,** Defendant Permian Resources Operating, LLC is ordered to amend the jurisdictional allegations in **[1] Notice of Removal** to plausibly allege that the amount in controversy exceeds $75,000. The amendment shall be filed on or before **May 29, 2026**. Defendant

is further advised to consult **FED. R. CIV. P. 81(c)(2)** for the deadline for a defendant to answer or otherwise respond to the complaint after removal when the defendant did not answer while the case was pending in state court.

        IT IS SO ORDERED this 18th day of May, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE